# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| DEVON FRYE, | ) | |
| | ) | Case No. 1:16-cv-34 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| TERRY GLENN, | ) | |
| | ) | |
| *Defendant*. | ) | |

---

## MEMORANDUM OPINION

---

Before the Court is a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983.[1]

For the reasons set forth below, no process shall issue and this action will be **DISMISSED** for

failure to state a claim upon which relief may be granted.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner

complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§

1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal

standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim

under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to

survive an initial review under the PLRA, a complaint "must contain sufficient factual matter,

---

[1] This complaint was transferred to the Eastern District of Tennessee by the Middle District for
screening after the filing fee was assessed. (Doc. 3.)

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that the plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Formulaic and conclusory recitations of the elements of a cause of action that are not supported by specific facts are likewise insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, filed January 27, 2016,[2] Plaintiff alleges that Defendant Glenn, the "Interstate Compact Corrections Coordinator," violated the Eighth Amendment by placing

---

[2] Under the prisoner "mailbox rule," a prisoner complaint is deemed filed on the day plaintiff signed the complaint. *Houston v. Lack*, 487 U.S. 266, 271 (1988) (deeming a prisoner's action to be filed on the date that it is properly delivered to the prison officials pursuant to the prison's established procedure for prisoners' mail); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a *pro se* prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary). While Plaintiff did not date his signature on the complaint, the notary's signature is dated January 27, 2016, as is the envelope. (Doc. 1, at 5; Doc. 1-1.) Accordingly, the Court deems Plaintiff's complaint to have been signed and filed on or about that date.

2

Plaintiff in the Tennessee Department of Correction ("TDOC"). (Doc. 1, at 1.) In support of this assertion, Plaintiff states that his decision to end his affiliation with the "criminal street gang known as the Bloods" resulted in Plaintiff being assaulted several times in 2011 and 2012 while he was in the custody of the Virginia Department of Corrections ("VDOC"). (*Id.*) Plaintiff asserts that Defendant Glenn therefore transferred Plaintiff to the Kentucky Department of Corrections ("KDOC") at some point in 2012 or 2013, but that word of Plaintiff's conflict with the Bloods quickly spread to the KDOC, resulting in more threats and assaults on Plaintiff while he was in the custody of the KDOC in 2013 and 2014. (*Id.*) Plaintiff states that Defendant Glenn then relocated Plaintiff to the TDOC facility, where Plaintiff is currently housed. (*Id.*)

Plaintiff takes issue with Defendant Glenn's decision to transfer him to a TDOC facility on August 17, 2014, for two reasons. First, Plaintiff states that, due to the fact that word of his conflict with the Bloods had previously spread quickly from the VDOC to the KDOC, "one can draw the conclusion that states directly bordering Virginia could[] [not] reasonably be considered the safest locations to house [Plaintiff]." (*Id.*) Plaintiff next asserts that Defendant Glenn wrongly transferred Plaintiff to the TDOC without properly researching the level of gang problems and corruption in the TDOC. (*Id.* at 1–2.)[3] Plaintiff specifically states that Defendant Glenn "had all the information at his disposal to make an informed decision about what would constitute safe housing for [Plaintiff], yet he did the opposite" and that Defendant Glenn has gambled with Plaintiff's life by sending him to locations that were "not thoroughly vetted." (*Id.* at 2.) Plaintiff alleges that he is suffering from "mental strain and pressure" due to his

---

[3] In support of his assertion that documented corruption exists at TDOC, Plaintiff attaches several newspaper stories about the TDOC, including one article about allegations of TDOC officials hiding records of assault (Doc. 1, at 8–9), one editorial about alleged mismanagement of TDOC prisons (Doc. 1, at 10), and one article about alleged misclassifications of maximum-security inmates to medium (Doc. 1, at 11).

anticipation of an assault, but does not set forth any facts relating to specific threats or violence against him at the TDOC. (*Id.*)

Congress did not provide a statute of limitations for claims arising under 42 U.S.C. § 1983, and courts therefore apply state statutes of limitations to those claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations is applicable to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3). The only acts and/or omissions Plaintiff alleges on the part of Defendant Glenn are (1) a decision to transfer Plaintiff to a TDOC facility on August 17, 2014; and (2) failure to fully research the level of gang violence and corruption at TDOC prior to that transfer. (Doc. 1, at 1–2.) Accordingly, it is clear that all of the acts and omissions for which Plaintiff seeks relief occurred on or before the transfer to the TDOC facility on August 17, 2014. As Plaintiff did not file his complaint until on or about January 27, 2016, however, Plaintiff's claims arising out of the alleged acts and omissions of Defendant Glenn relating to the transfer of Plaintiff to the TDOC are barred by the one-year statute of limitations.

Further, even if Plaintiff's claims were not time-barred, his complaint does not raise his right to relief for any violation of the Eighth Amendment "above a speculative level" and therefore fails to state such a claim. The Eighth Amendment imposes a duty on prison officials to, *inter alia*, "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). This includes a duty to protect inmates from attacks by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a violation of this duty, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm" and that the "[prison] official knows of and disregards an excessive risk to inmate health

4

or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff but does not set forth any facts relating to specific threats or violence against him at the TDOC. Rather, Plaintiff alleges that he is at risk of harm at the TDOC due to the following circumstances: (1) word of Plaintiff's conflict with the Bloods previously spread from the VDOC to the KDOC and Tennessee and Kentucky both border Virginia; (2) the existence of an unspecified level of gang violence in the TDOC; and (3) corruption at the TDOC.

Even liberally construing Plaintiff's complaint in his favor and accepting all allegations therein as true, however, those allegations are insufficient to plausibly suggest that a substantial risk of harm exists as to Plaintiff. Rather, these allegations demonstrate that Plaintiff suspects that a substantial risk of harm to him may exist because of a prior events and the existence of gang violence and corruption at the TDOC in general. As such, the allegations of the complaint are too speculative, general, and conclusory to support the assertion that Plaintiff is subjected to a substantial risk of harm at the TDOC. *Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556 U.S. at 681.

Plaintiff's complaint likewise demonstrates that Plaintiff does not allege that Defendant Glenn knew of and disregarded a substantial risk of harm to Plaintiff. To the contrary, Plaintiff specifically alleges that Defendant Glenn should have done more research to discover whether a risk of danger to Plaintiff might exist at the TDOC, but that he did not. "[P]rison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." *Farmer*, 511 U.S. at 844. As it is apparent that Plaintiff asserts that Defendant Glenn did not have knowledge of any such risk, the allegations of the complaint do not support a claim under the Eighth Amendment.

For the reasons set forth above, this action will therefore be **DISMISSED** under §§ 1915(e)(2)(B) and 1915(A) for failure to state a claim upon which relief may be granted. The

Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**An appropriate order will enter.**

**E N T E R :**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**